UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22543-RAR

**ARI TEMAN**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**, *et al.*,

    Respondents.
_____/

## ORDER OF TRANSFER

**THIS CAUSE** comes before the Court on Petitioner's Response to Show Cause Order ("Response"). [ECF No. 8]. On June 4, 2025, Petitioner Ari Teman filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). *See* Petition, [ECF No. 1]. The Petition asks the Court to "[g]rant a writ of habeas corpus under 28 U.S.C. § 2241, immediately releasing [Petitioner] from probation in Case No. 19-CR-696 (PAE)" before Judge Paul A. Engelmayer in the United States District Court for the Southern District of New York. *Id.* at 13. Because the Petition appeared to attack the validity of Petitioner's sentence under 28 U.S.C. § 2255—and not the conditions of his confinement under 28 U.S.C. § 2241—the Court entered an Order to Show Cause on June 5, 2025, requiring Petitioner to show cause (1) why Petitioner's request for release from probation is proper under 28 U.S.C. § 2241, and (2) explaining why the Court should not either dismiss the Petition or transfer it to the Southern District of New York pursuant to 28 U.S.C. § 2255. On June 16, 2025, Petitioner filed the Response. [ECF No. 8]. Because the Response fails to demonstrate why the Petition is proper under 28 U.S.C. § 2241, the Court finds that it must treat the Petition as a motion under 28 U.S.C. § 2255, and transfers the case to the United States District Court for the Southern District of New York, as set forth herein.

## BACKGROUND

Petitioner was convicted of four counts of bank and wire fraud and sentenced to one year and one day of imprisonment and three years of supervised release. *See* Judgment, *USA v. Teman*, Case No. 1:19-cr-00696-PAE-1 (S.D.N.Y. July 29, 2025) ("*Teman*"), ECF No. 253 at 1–4. Petitioner is "currently under probation supervised by the U.S. Probation Office in [the Southern District of Florida]." Petition at 2. On September 16, 2024, Judge Engelmayer granted Petitioner permission to travel to Israel from September 18, 2024, to November 6, 2024. Order, *Teman* (S.D.N.Y. Sept. 13, 2024), ECF No. 455. Upon return to the United States, Petitioner was required to report to Miami and surrender his passport to the probation office no later than November 19, 2024. *Id.* While in Israel, Petitioner made several requests to stay in Israel indefinitely; Judge Engelmayer denied the requests to remain in Israel indefinitely, but nevertheless granted several extensions of Petitioner's authorized stay in Israel, ultimately requiring Petitioner's return to the United States by June 1, 2025. *See id.* (S.D.N.Y. Nov. 7, 2024), ECF No. 465; *id.* (S.D.N.Y. Jan. 10, 2025), ECF No. 475; *id.*, (S.D.N.Y. Jan. 24, 2025), ECF No. 484; *id.* (S.D.N.Y. Apr. 17, 2024), ECF No. 531.

To date, Petitioner has not returned to the United States. *See* Petition at 13 (indicating that Petitioner seeks to "remain in Israel"). Petitioner now requests that the Court "release" Petitioner from probation and stay Judge Engelmayer's Order requiring Petitioner to return to the United States pending resolution of the Petition. *See* Petition at 9 ("Immediate release from probation is necessary to prevent irreparable harm[.]"); *id.* at 10 ("Release from probation is warranted[.]"); *id.* at 13 ("Teman seeks immediate release from probation"); *id.* (requesting that the Court "[g]rant a writ of habeas corpus under 28 U.S.C. § 2241, immediately releasing TEMAN from probation in

Case No. 19-CR-696 (PAE)."); *id.* (requesting that the Court "stay [Judge] Engelmayer's June 1, 2025, return order (Dkt. 531) pending resolution of this petition.").

## ANALYSIS

Although Petitioner claims he seeks relief under § 2241, the relief requested—to "release" Petitioner from his sentence of probation—can only be sought under § 2255. And because a § 2255 motion must be brought in the "court which imposed the sentence" being challenged, this Court does not have jurisdiction over Petitioner's request. 28 U.S.C. § 2255(a).

Section 2255 permits a prisoner to file a motion to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* "A federal prisoner typically must collaterally attack his conviction and sentence through a 28 U.S.C. § 2255 motion." *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) (citing 28 U.S.C. § 2255(a)); *see also Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. [§] 2255, not 28 U.S.C. [§] 2241(c)."). Petitioner seeks "release" from probation, a quintessential § 2255 attack on Petitioner's sentence. *See United States v. Walton*, 819 F. App'x 731, 733 (11th Cir. 2020) (describing the defendant's request for termination of his federal supervised release as "an improper collateral attack on his sentence," which, as a general matter, "is presumed valid until vacated in a 28 U.S.C. § 2255 proceeding"). Therefore, the Petition seeks relief that generally can be sought only through a § 2255 proceeding.

The only way Petitioner could use a § 2241 petition to challenge his conviction and sentence is if § 2255 proves to be "inadequate or ineffective to test the legality of detention" under

§ 2255's "saving clause," 28 U.S.C. § 2255(e).  *See Jeffus v. United States*, No. 21-10202, 2024 WL 3549212, at *2 (11th Cir. July 26, 2024).  "The saving clause permits a federal prisoner to proceed under § 2241 when, for example, he is: (1) 'challeng[ing] the execution of his sentence, such as the deprivation of good-time credits or parole determinations'; (2) the sentencing court was unavailable; or (3) 'practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate.'"  *Id.* (quoting *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017)).  The petitioner "bears the burden of demonstrating eligibility under the saving clause of § 2255."  *Id.* citing (*McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner fails to demonstrate that § 2255 is "inadequate or ineffective to test the legality of detention" under the saving clause.  Petitioner contends that he should be allowed to proceed under § 2241 because he already has a § 2255 motion pending in the United States District Court for the Southern District of New York.[1]  *See* Resp. ¶ 1.  If Petitioner means to argue that § 2255 is "inadequate or ineffective" because he has already filed a § 2255 petition and therefore would be barred from requesting further relief under § 2255 under the rule against "second or successive" § 2255 petitions, that argument is foreclosed.  *See* 28 U.S.C. § 2255(h).  The Supreme Court has made clear that "the purpose of § 2255(e) is narrow and does not provide an end-run around § 2255(h)'s bar on second or successive § 2255 motions."  *Jeffus v. United States*, 2024 WL 3549212, at *2 (citing *Jones v. Hendrix*, 599 U.S. 465, 479–80 (2023)).

Petitioner's only other argument for why the saving clause does not apply is that "the allegations alleged in [Petitioner's] 28 U.S.C. §2241 petition are against Judge Engelmayer and

---

[1] Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of New York on October 31, 2024.  *See Teman v. United States of America*, Case No. 1:24-cv-08278-PAE (S.D.N.Y. Oct. 31, 2024), ECF No. 1.

not [Petitioner's] attorneys or due to the sentence being in violation of the United States Constitution, [therefore,] a 28 U.S.C. §2255 petition is clearly 'inadequate or ineffective to test the legality of detention[.]'" Resp. ¶ 5. A § 2255 petition is not limited to collateral attacks based on the constitutionality of the sentence or those based on ineffective assistance of counsel. Again, § 2255 permits a prisoner to file a motion to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, *or is otherwise subject to collateral attack*." 28 U.S.C. § 2255(a) (emphasis added). Whatever Petitioner's reasons are for requesting "release" from probation—and they are numerous[2]—it remains the case that the relief sought is still a collateral attack on the sentence and must be pursued through a § 2255 motion unless the saving clause applies. *See Walton*, 819 F. App'x at 733. Because Petitioner does not provide any other explanation for why § 2255 is inadequate or ineffective to seek release from probation, the saving clause does not apply.

---

[2] Plaintiff articulates a litany of reasons why the Court should terminate Petitioner's supervised release. *See, e.g.*, Petition at 5 ("The court should free this innocent young Jewish man with no criminal history and a lifetime of volunteering."); *id.* ("This court should grant the wishes of these many Rabbis and legal experts and [Petitioner's] elderly and unwell parents and free this innocent young man today by ending probation and moving this case to [the Southern District of Florida] where it can be given a fair adjudication free from [Judge] Engelmayer's admitted regular ex parte calls[.]"); *id.* at 6 (alleging that Petitioner's need for "urological and potential ENT surgeries . . . constitutes deliberate indifference, necessitating immediate release to allow [Petitioner] to access surgeries in Israel"); *id.* at 9 ("Immediate release from probation is necessary to prevent irreparable harm, as [Petitioner] cannot safely or feasibly return to Miami Beach."); *id.* at 10 ("Release from probation is warranted to mitigate the ongoing harm of [Judge] Engelmayer's biased supervision pending resolution of these motions."); *id.* at 11 (arguing that "[r]elease from probation is the least restrictive means to restore [Petitioner's] religious freedoms" because Petitioner's sentence prevents him "from fulfilling his religious obligation to live in Israel"); *id.* at 12 (arguing that Petitioner's "over one year of post release supervision without violation" supports release from probation); *id.* at 13 ("[Petitioner] seeks immediate release from probation to access potentially life-saving medical care, avoid permanent injury and end agonizing pain, and exercise his religious freedoms.").

Accordingly, the Petition can only be treated as a motion to vacate under § 2255. *See United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) ("Federal courts are obligated to look beyond the label of a pro se inmate's [filing] to determine if it is cognizable under a different statutory framework."). And because the Petition is really a motion to vacate under § 2255, the Court does not have jurisdiction because a § 2255 motion must be filed in the "court which imposed the sentence" being challenged—in this case, the the Southern District of New York. *See* 28 U.S.C. § 2255(a); *see also Padgett v. Warden, USP Atlanta*, 745 F. App'x 859, 862 (11th Cir. 2018) ("[A] district court does not possess jurisdiction to consider a § 2241 habeas petition filed by a federal prisoner unless 'the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.'" (quoting 28 U.S.C. § 2255(e))).

Consequently, the Court must either dismiss the case or transfer it to the Southern District of New York. *See Thompson v. Warden*, 2021 WL 4165335, at *2 (11th Cir. Sept. 14, 2021) (affirming dismissal where "[t]he district court considered [a] 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion to vacate and dismissed [the] case, because it was the court of detention, rather than the sentencing court, which would be the proper venue for a motion to vacate[.]"); 28 U.S.C. § 1631 (providing that a court "shall if it is in the interest of justice, transfer" any action over which it does not have jurisdiction "to that court in which the action or appeal could have been brought at the time it was filed or noticed"). The Court finds that the "interest of justice" here favors a transfer to the United States District Court for the Southern District of New York.[3]

---

[3] When a *pro se* movant has not previously filed a § 2255 motion challenging his conviction, he must receive notice if his pleading will be treated as one. *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("[W]hen a court recharacterizes a pro se litigant's motion as a first § 2255 motion[,]" the court "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it"). Although *Castro* arguably does not apply here because Petitioner is represented by counsel and has previously filed a § 2255 motion, the Court's Order to Show Cause nevertheless warned Petitioner that "failure to show good cause

## CONCLUSION

Accordingly, the Court having reviewed the Petition, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that this action is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York. All pending deadlines are hereby **TERMINATED**. Upon transfer, the Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, on this 18th day of June, 2025.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

in compliance with [the Order to Show Cause] may result in the Court recharacterizing the instant Petition as a § 2255 motion, which would make any of Petitioner's future collateral attacks on his conviction and sentence subject to the rule against second or successive § 2255 motions" and advised Petitioner that "he may withdraw the Petition or amend it so that it contains all the § 2255 claims he believes he has." [ECF No. 6] at 4 n.2.